# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KELAN BOYD,** | Civil Action No. 17-3284 (SDW) |
| Petitioner, | |
| v. | OPINION |
| **ERIC TAYLOR, et al.,** | |
| Respondents. | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Kelan Boyd, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed responses to the petition (ECF No. 4, 6), to which Petitioner has replied. (ECF Nos. 5, 7). For the reasons set forth below, this Court will deny the petition without prejudice.

## I. BACKGROUND

Petitioner, Kelan Boyd, is a native and citizen of Trinidad and Tobago who entered this country in January 2011 on a non-immigrant visa granting him authorization to remain in the United States until July 18, 2011. (Document 1 attached to ECF No. 4 at 2). Petitioner did not depart, however, when his visa expired. (*Id.*). Instead, Petitioner remained in the United States and in November 2012 was convicted of credit card fraud in Virginia. (*Id.*). Petitioner was thereafter placed in removal proceedings, resulting in Petitioner applying for and being granted an order for voluntary departure on September 16, 2015. (*Id.* at 2-3). Pursuant to that Order, Petitioner was to voluntarily depart the United States by January 14, 2016, and if Petitioner failed to depart he would automatically be subject to an alternative removal order. (*Id.* at 3).

1

Because Petitioner chose not to depart, his departure order converted into a removal order in January 2016, and immigration officials took him into custody with the intent to have him removed on February 3, 2016. (*Id.*). Later that month, Petitioner filed a motion to reopen his removal order, which an Immigration Judge denied on March 10, 2016. (*Id.*). Petitioner appealed, and the Board of Immigration Appeals ("BIA") dismissed his appeal on June 14, 2016. (*Id.*). The Government thereafter sought, and obtained for Petitioner a travel document from the Consulate of Trinidad and Tobago on August 16, 2016. (*Id.*). Before the Government could remove Petitioner, however, he sought review from the Second Circuit Court of Appeals. (*Id.*). The Second Circuit thereafter dismissed Petitioner's petition for review in November 2016. (*Id.*). Petitioner filed multiple reconsideration motions, but those motions were denied by the Second Circuit, resulting in a final mandate dismissing his appeal on January 11, 2017.[1] (*Id.* at 4).

While Petitioner was litigating his reconsideration motions in the Second Circuit, the Government requested a new travel document from the Consulate. (*Id.*). While the Consulate was apparently compliant and willing to issue a travel document once again, it could not do so in time to meet the Government's removal itinerary due to staffing issues, and Petitioner thus could not be removed prior to February 2017. (*Id.*). In February 2017, however, Petitioner filed a second motion to reopen his removal order with the BIA, which was denied on March 16, 2017. (*Id.*). On April 4, 2017, Petitioner filed with the Second Circuit another petition for review, which remains pending at this time. (*Id.*). Petitioner also filed with the Second Circuit a motion for a stay of removal pending the outcome of his petition for review, which also remains pending at this time.

---

[1] Although Petitioner's immigration proceedings were conducted in New York, and his appeal therefrom is currently pending in the Second Circuit, he is detained in New Jersey by a custodian subject to the jurisdiction of this Court, and his habeas petition is thus properly before this Court. (*See* ECF No. 1).

2

(*Id.*). Because Petitioner filed the present motion, and his motion and petition remain pending in the Second Circuit, he is subject to the Second Circuit's forbearance policy, and cannot be removed until his stay motion is decided. (*Id.*). While the Government cannot remove Petitioner under the forbearance agreement until Petitioner's appeal has concluded, the Government continued to seek a travel document so that Petitioner could swiftly be removed once his appeal concludes. (*Id.*). The Trinidad and Tobago consulate, however, has informed the Government that it will not provide a travel document for Petitioner until the Second Circuit decides his appeal. (*Id.*).

Based on his removal proceedings, Petitioner has remained detained since he was taken into custody in February 2016. (*Id.* at 7). Petitioner has sought bond redeterminations during this time, but in each instance was denied relief as the Immigration Judge determined that it lacked jurisdiction to provide Petitioner bond as he is subject to a final removal order. (*Id.* at 4).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

3

**B. Analysis**

In his habeas petition, Petitioner contends that his ongoing detention violates Due Process and that he is therefore entitled to a bond hearing pursuant to either the Second Circuit's ruling in *Lora v. Shanahan*, 804 F.3d 601 (2d Cir. 2015), or the Third Circuit's rulings in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). The Government instead contends that Petitioner is currently subject to a final removal order and is thus properly subject to detention pursuant to 8 U.S.C. § 1231(a). In order to determine Petitioner's entitlement to relief, this Court must first determine the statutory basis for his detention.

In this matter, Petitioner received an order of voluntary departure requiring him to leave this Country by mid-January, 2016. Because Petitioner did not leave the country within the time set by the voluntary departure order, he became subject to the alternative removal order, *see* 8 C.F.R. 1240.26(d), and was therefore subject to an administratively final removal order at that time. That both the Immigration Judge and BIA have denied his attempts at appeals of that removal order likewise firmly establishes that Petitioner is subject to an administratively final removal order. *See* 8 C.F.R. § 1241.1(a) (order of removal becomes final upon dismissal of appeal by BIA). Once an alien is subject to an administratively final removal order, his detention is authorized by 8 U.S.C. § 1231(a) unless and until the alien seeks judicial review of his removal order and the requisite court of appeals grants him a stay of removal. *See, e.g.,* 8 U.S.C. § 1231(a)(1)(B)(ii); *Leslie v. Attorney General of the United States*, 678 F.3d 265, 268-70 (3d Cir. 2012); *Brodyak v.*

*Davies*, No. 14-4351, 2015 WL 1197535, at *2 (D.N.J. March 16, 2015). If the alien seeks, and is granted, a stay by the Court of Appeals, his detention reverts to pre-final order status, and the alien returns to detention pursuant to 8 U.S.C. § 1226. *Leslie*, 678 F.3d at 268-70. "It is the grant of a stay [by the Court of Appeals, however], and not simply the filing of a [request or motion] for a stay, which alters an alien's status." *Brodyak*, 2015 WL 1197535, at *2 (citing *Leslie*, 678 at 268-70).

The statutory basis for Petitioner's detention thus turns on whether or not Petitioner has been granted a stay of removal by the Court of Appeals. As noted above, although Petitioner has filed another petition for review with the Second Circuit and has filed a motion for a stay of removal, the Second Circuit has not yet ruled upon the motion for a stay. (*See Boyd v. Sessions*, Second Circuit Docket No. 17-951 ECF Docket Sheet). Petitioner has thus not formally been granted a stay of removal by the Court of Appeals. Petitioner is, however, subject to the forbearance agreement between the Government and the Second Circuit under which the Government has agreed not to remove aliens whose removal orders are subject to review by the Second Circuit until such time as the Second Circuit has ruled upon those aliens' requests for stay of removal. *See Brodyak*, 2015 WL 1197535 at *2 n. 2. The forbearance agreement, however, is not a court ordered stay, and as numerous courts in this District have held, it is therefore insufficient to revert a Petitioner's detention to pre-final order status. *See, e.g., Id.*; *Jones v. Aviles*, No. 15-4819, 2016 WL 3965196, at *3 (D.N.J. July 21, 2016); *Severin v. Aviles*, No. 15-3711, 2016 WL 1450550, at *2 (D.N.J. Apr. 12, 2016); *Rones v. Aviles*, No. 15-3798, 2016 WL 158521, at *5 (D.N.J. Jan. 13, 2016). Thus, because Petitioner is subject to a final order of removal and, although subject to the forbearance agreement, has not been granted a formal stay of removal by the Court of Appeals, he remains detained pursuant to 8 U.S.C. § 1231(a).

Because Petitioner is subject to detention under § 1231(a), the propriety of his detention is controlled by the Supreme Court's decision in *Zadvydas*. *Leslie*, 578 F.3d at 268-70. In *Zadvydas*, the Supreme Court observed that § 1231(a) commands the Government to detain all aliens subject to administratively final orders of removal during a ninety day statutory removal period. 501 U.S. at 683. The Court also held that the statute does not limit post-removal order detention to this ninety day period; instead the Court found that the statute permits the Government to detain aliens beyond that ninety day period so long as their detention remains "reasonably necessary" to effectuate their removal. *Id.* at 689, 699. Based on these determinations and the Court's observations regarding the ordinary course of removal proceedings, the Court in turn determined that an alien may be detained under § 1231(a) for a period of up to six months following his final order of removal during which his continued detention must be presumed to be reasonable and therefore constitutionally permissible. *Id.* at 701.

Even where the alien's detention exceeds the six month presumptively reasonable period, however, an alien will not be entitled to relief unless he can "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Alexander v. Att'y Gen.*, 495 F. App'x 274, 276 (3d Cir. 2012) (quoting *Zadvydas*, 533 U.S. at 701). Where an alien makes such a showing, the Government may continue to detain him only where the Government rebuts his evidence and shows that the alien's removal remains likely in the reasonably foreseeable future. *Id.*

While Petitioner in this matter has been detained for a considerable period of time following his final order of removal, Petitioner has failed to provide the Court with good reason to believe that his removal is not likely in the reasonably foreseeable future, and, even had Petitioner met this initial burden, the Government has more than succeeded in rebutting Petitioner's

6

assertions. Specifically, the Court notes that Petitioner's home country has on at least one occasion provided a travel document for Petitioner, and was working with the Government to secure a travel itinerary for Petitioner's return to Trinidad and Tobago in January 2017. It was only because Petitioner filed his second petition for review and requested a stay from the Second Circuit that this process did not conclude in Petitioner's removal from the United States. It is clear from the information the Government has submitted that Petitioner's removal is very likely to proceed quickly once the Second Circuit decides Petitioner's second petition for review and Petitioner ceases to be covered by the forbearance agreement. The record thus establishes that the only reason Petitioner remains detained is that Petitioner chose to file a second petition for review rather than accept his removal to his home country, and Petitioner's detention thus has a foreseeable endpoint – Petitioner's removal once his appeal concludes. Because the Government has established that Petitioner's removal is very likely in the reasonably foreseeable future, Petitioner's detention pending his removal remains lawful and Petitioner is not entitled to relief under *Zadvydas*. Petitioner's habeas petition is therefore denied without prejudice.

## III. CONCLUSION

For the reasons expressed above, this Court denies Petitioner's habeas petition without prejudice. An appropriate order follows.

Dated: September 28, 2017            *s/ Susan D. Wigenton*
                                                 Hon. Susan D. Wigenton,
                                                 United States District Judge